JP:RJN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | SEALED COMPLAINT AND AFFIDAVIT IN |
| -against- | SUPPORT OF ARREST WARRANT |
| RUBEN PENA, | M. No. _____ |
| also known as "animalizbak" and "menurmomrjuspals," | (18 U.S.C. § 2422(b)) |
| Defendant. | |

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS.:

THOMAS THOMPSON, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation (hereinafter referred to as the "FBI"), duly appointed according to law and acting as such.

In or about and between March 28, 2007 and April 19, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RUBEN PENA, also known as "animalizbak" and "menurmomrjuspals," using facilities and means of interstate and foreign commerce, to wit: the Internet, did knowingly and intentionally attempt to persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: an individual he believed to be a 14 year-old girl, to engage in sexual activity for which a person could be charged with a criminal offense, to wit: attempted rape in the second degree, in violation of Section 130.30(1) of the New York Penal Law and attempted criminal sexual

act in the second degree in violation of Section 130.45(1) of the New York Penal Law.

(Title 18, United States Code, Sections 2422(b))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been employed as a Special Agent of the FBI for approximately four years, and I am currently assigned to the Crimes Against Children squad. I have been assigned to investigate Sexual Exploitation of Children ("SEOC") violations of federal law. I have gained expertise in the conduct of such investigations through training in seminars, classes, and daily work related to conducting these types of investigations, including the execution of search warrants relating to child pornography offenses and subsequent prosecution of offenders.

2. I am familiar with the facts and circumstances of the instant case based on my review of documentary evidence obtained during the course of this investigation and discussions with other law enforcement agents.

### THE INTERNET

3. The internet is a global network which allows for the sharing of data across computers attached to the network. The internet uses a portion of the existing public telecommunication networks. Individual users typically access

---

[1] Because the purpose of this Affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

-2-

the internet through a local Internet Service Provider ("ISP") such as America Online ("AOL") through a modem or other connection device, such as a cable, Digital Subscriber Line ("DSL") or other type of telecommunication line. Due to the structure of the internet, connections between computers on the internet routinely cross state and international borders, even when the computers communicating with each other are in the same state.

4. America Online ("AOL") is a subscription based Internet Service Provider. Through AOL, a subscriber can access the internet and visit internet web sites. In addition, AOL provides its own services, such as electronic mail, instant messaging and chat rooms.

5. AOL members must select a password and screen name in order to log onto the internet and enter chat rooms and other web sites. No two members may share the same screen name. In addition, AOL members may complete a "Member Profile" that provides personal information about the member, such as his/her name, location and sex. The purpose of the member profile is to project an on-line identity to other members.

6. A chat room is an AOL internet set where members can communicate online with one another. AOL members who enter the chat room can communicate with others in the chat room by typing into a blank space provided by AOL's proprietary software. In addition, AOL members who enter the chat room can view the profiles of other members who have entered the chat room.

7. While inside a chat room, AOL members can also communicate with other members in the chat room via electronic mail and instant messaging. Instant messaging is a descriptive name for an AOL program that allows AOL members to send short messages to other members that appear only on a selected AOL member's screen, and not on the screen of all of the members of the chat room. It is my experience that AOL members often communicate privately with other members of a chat room by sending instant messages.

## THE INVESTIGATION

8. On or about March 28, 2007, Detective Sean Ryan of the New York City Police Department, was conducting investigations of online sexual predators of children as part of his official duties under an assumed identity of a fourteen-year-old female child from Bayside, Queens, using the screen name "qnsgurl42092." The Member Profile Detective Ryan created for "qnsgurl42092" indicated that she is a 14 year old female from Bayside, Queens, named Jess.

9. On or about and between March 28, 2007 and April 18, 2007, Detective Ryan, using the screen name "qnsgurl42092" engaged in four online chats with an individual using the screen names "animalizbak" and "menurmomrjuspals." It is the opinion of Detective Ryan, based upon his experience and training, that the objective of the individual using the screen names of "animalizbak" and "menurmomrjuspals" during these communications

was to entice the undercover for the purpose of engaging in illicit sexual conduct with the undercover.

       10. Some examples of relevant online communications between "animalizbak" and "menurmomrjuspals" and Detective Ryan are as follows:

       a. On or about March 28, 2007, in an instant message chat, "animalizbak" identified himself to "qnsgurl42092" as a 27 year old male from Williamsburg, Brooklyn; sent three images of his penis; and discussed the child performing oral sex on him.

       b. On or about April 5, 2007, in an instant message chat, "menurmomrjuspals" identified himself to "qnsgurl42092" as the same individual who uses the screen name "animalizbak;" asked "qnsgurl142092" to come to his apartment; and discussed engaging in sexual activity with "qnsgurl142092."

       c. On or about April 12, 2007, in an instance message chat, "menurmomrjuspals" asked "qnsgurl142092" whether she would shower with him; provided the telephone number (917) 684-3244; asked "qnsgurl142092" to come to Williamsburg, Brooklyn; and responded, "I know" when "qnsgurl142092" wrote that she is only 14 years old.

       d. On April 17, 2007, in an instant message chat, "menurmomrjuspals" asked "qnsgurl142092" to meet him tomorrow; again provided the telephone number of (917) 684-3244; and asked "qnsgurl142092" to call him at that number.

       11. On April 17, 2007, an Undercover Detective working with Detective Ryan called the telephone number provided by "menurmomrjuspals" during the instant message chats, identified herself as Jess, and spoke with an individual who identified himself as "Dario." The individual who identified himself as "Dario" instructed the Undercover Detective to remove clothing

and masturbate and indicated that he was masturbating himself. He also asked who she lived with and stated that he wanted to come over.

12. On April 18, 2007, the Undercover Detective placed another call to the telephone number provided by "menurmomrjuspals." During the conversation, they agreed to meet after 4:00 pm in a pizzeria in Bayside, Queens.

13. On April 18, 2007, at approximately 4:10 PM, the Undercover Detective met an individual in the pizzeria in Bayside, Queens who identified himself as the individual using the screen names "animalizbak" and "menurmomrjuspals." The individual mentioned that he brought condoms and acknowledged the Undercover detective's purported age of 14.

14. The individual who identified himself "animalizbak" and "menurmomrjuspals" and the female Undercover Detective went to the address where the female Undercover Detective stated that she lived. When they arrived, the defendant was arrested by the New York City Police.

15. After waiving his Miranda rights, the individual stated his AOL screen names are "animalizbak" and "menurmomrjuspals;" that his middle name is Dario; that his address is 118 Manhattan Avenue, Brooklyn, NY 11206; that he chatted online with a 14 year old girl who he knew to be 14 years old; that he sent images of his penis to that girl; and, after being shown the correspondence between himself and Detective Ryan, admitted that he had sent all of the communications he had

been shown, which includes the online communications described in this affidavit.

16. AOL records indicate that the screen names "animalizbak" and "menurmomrjuspals" are listed under an account that belongs to Elia Quimis with an address of Manhattan Avenue and Johnson Street, Brooklyn, New York, and a telephone number of (718) 388-2739.

17. Records from Verizon indicate that the subscriber information for (718) 388-2739 is R. Pena, 118 Manhattan Avenue, Brooklyn, NY 11206. Records from AT&T indicate that the subscriber information for (718) 388-2739 is Ruben Pena, 118 Manhattan Avenue, Brooklyn, NY 11206.

WHEREFORE, your affiant respectfully requests that an arrest warrant be issued for the defendant RUBEN PENA, also known as "animalizbak" and "menurmomrjuspals" and that he be dealt with according to law.

_____
THOMAS THOMPSON
Special Agent - FBI

Sworn to before me the
27th day of October, 2008

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

-7-